IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORNELIO AREVALO, et al.              :

                                      :

   v.                                 :   Civil Action No. DKC 09-3199

                                      :

D.J.'S UNDERGROUND, INC.,
et al.                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this purported collective action under the Fair Labor Standards Act is a motion filed by Plaintiffs Cornelio Arevalo, Gabriel Arevalo, Vitalino Arevalo, Mainor Arevalo, and Julio Mendez for conditional collective action certification and court-approved notice to putative class members of their opt-in rights. (Paper 2). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

**I. Background**

Defendant D.J.'s Underground, Inc., a Maryland corporation with its principal place of business in Charles County, Maryland, provides commercial utility installation services, such as installation of phone lines, cable conduits, and utility and power lines. Defendants John W. Tippett, Jr., and Debbie

Tippett are corporate officers and shareholders of D.J.'s Underground.  Plaintiffs are current or former employees hired by Defendants to dig trenches, install and erect utility poles and power lines, and install cable conduit and related equipment for the commercial customers of D.J.'s Underground.

On December 2, 2009, Plaintiffs filed a complaint seeking unpaid wages, overtime pay, and liquidated damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as amended, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq*. (Paper 1).  Concomitantly with their complaint, Plaintiffs filed the pending motion seeking conditional class certification and court approval of a proposed notice of opt-in rights to putative plaintiffs pursuant to § 216(b) of the FLSA.  (Paper 2).

On March 9, 2010, the parties submitted a joint status report indicating that they were "attempting to negotiate a stipulated notice to potential class members"; that if their negotiations were successful, "Plaintiffs' motion for class certification (Docket #2) will become moot"; and that if negotiations were unsuccessful, counsel would promptly advise the court and Defendants' response to Plaintiffs' motion would be due within fourteen days thereafter.  (Paper 12).  This was followed, on April 27, 2010, by the filing of a joint report

regarding class notice in which the parties advised that they had reached agreement as to a mutually acceptable proposed order, but had a disagreement as to one aspect of the proposed notice, which they asked the court to resolve. (Paper 14, at ¶¶ 3, 4).

## II. Analysis

Subsection 216(b) of Article 29 of the United States Code establishes an "opt-in" scheme pursuant to which putative plaintiffs must affirm their intention to become a party to a lawsuit:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The Supreme Court of the United States has recognized that "district courts have discretion, in appropriate cases, to . . . facilitat[e] notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The court must initially determine whether it is appropriate to exercise such discretion in this case.

Judge Blake set forth the relevant considerations of this analysis in *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519-20 (D.Md. 2000):

> The threshold issue in determining whether to exercise this discretion is whether the plaintiffs have demonstrated that potential class members are "similarly situated." 29 U.S.C. § 216(b). While courts employ different standards to determine whether plaintiffs have made a sufficient showing to warrant court facilitated notice, I agree with the conclusion of Judge Legg in this District that a plaintiff should be required "to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" before court assistance is granted. *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 893-94 (D.Md. 1995). Mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made. *See, e.g.*, *Sperling v. [Hoffmann-La Roche], Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988) (holding that evidence of "similarly situated" plaintiffs must be "sufficiently developed" to allow court facilitated class notice), *aff'd in part, dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); accord *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D.Minn. 1991) ("As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists . . . [P]laintiffs must submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist").

For initial collective action certifications under § 216(b), courts generally "require nothing more than substantial allegations that the putative class members were together the

4

victims of a single decision, policy, or plan." *Sperling*, 118 F.R.D. at 407. "'When sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, however, a court can . . . deny certification outright.'" *Andrade v. Aerotek, Inc.*, No. CCB-08-2668, 2009 WL 2757099, at *3 (D.Md. Aug. 26, 2009) (quoting *Purdham v. Fairfax County Public Schools*, 629 F.Supp.2d 544, 2009 WL 1766600, at *2 (E.D.Va. June 22, 2009)).

Here, Plaintiffs have made a sufficient showing that others who are potential class members are "similarly situated." Each of the five plaintiffs has submitted an affidavit asserting that he regularly worked more than forty-hours per week and that Defendants failed to pay an overtime premium. Plaintiffs further aver that they "know of other D.J.'s Underground employees that have worked more than 40 hours a week and although they worked more than forty-hours per week, D.J.'s Underground did not pay them a premium for the overtime hours that they worked." (Paper 2, Ex. 1). Defendants do not contest the sufficiency of these allegations; indeed, the parties have submitted a mutually agreeable proposed order. (Paper 14, Ex. 1).

The parties have been unable to agree, however, on one aspect of the notice to be sent to putative plaintiffs advising them of their opt-in rights. Specifically, they disagree as to

whether the notice should identify counsel for both parties, rather than just Plaintiffs' counsel. They have requested "that the [c]ourt consider their respective positions on this one remaining issue." (Paper 14, ¶ 5).

In arguing for the inclusion of full contact information for both parties, Defendants assert that to do otherwise would "leave the false impression that all questions must flow through plaintiffs' counsel." (*Id*. at 2). They contend that putative class members who might read the notice and think the action was meritless would be discouraged from contacting defense counsel directly if contact information for the defense were not provided. As support, Defendants point to a number of cases in this court where such notices have identified defense counsel.

Plaintiffs oppose inclusion of defense contact information for the following reasons: (1) the purpose of the notice is "remedial," and Defendants only hope to "collect evidence" (*id*. at 3-4); (2) the parties have agreed to notify putative plaintiffs that they may participate regardless of their immigration status, but if the D.J.'s Underground were to discover that a current employee is undocumented, the employee could lose his or her job; moreover, including defense contact information might have a chilling effect, discouraging undocumented aliens from participating; and (3) direct communication between defense counsel and putative plaintiffs

6

could jeopardize recovery that might be obtained from opt-out claims in the state law class action aspects of the complaint.

There is no legal framework that clearly resolves this issue. Courts around the country are split, with some supporting exclusion of defense counsel information, *see*, *e.g.*, *Ahle v. Veracity Research Co.*, Civ. NO. 09-00042 ADM/RLE, 2009 WL 3103852, at *6 (D.Minn. Sept. 23, 2009); *Cryer v. Intersolutions, Inc.*, Civ. No. 06-2032 (EGS), 2007 WL 1053214, at *3-4 (D.D.C. Apr. 7, 2007); and *Gambo, et al. v. Lucent Technologies, Inc.*, No. 05 C 3701, 2005 WL 3542485, at *7 (N.D.Ill. 2005), and some including defense counsel information, *see*, *e.g.*, *Creten-Miller v. Westlake Hardware, Inc.*, Civ. No. 08-2351-KHV, 2009 WL 2058734, at *3 (D.Kan. July 15, 2009); *Sibley v. Spring Nextel Corp.*, Civ. No. 08-2063-KHV, 2009 WL 662630, at *3 (D.Kan. March 13, 2009); and *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 4468678, at *3 (N.D.Cal. Dec. 17, 2007).

Cases in this district have heretofore identified defense counsel, but not with full contact information and, occasionally, including cautionary language to putative plaintiffs.

In *Biddison, et al. v. CBM Maintenance, Inc., et al.*, the parties agreed that the notice should identify defense counsel, but there was a dispute as to other relevant issues.

Plaintiffs' notice proposed identifying counsel for both parties, but excluding defense counsel's phone number and including language that "Defense counsel is obligated to represent the best interest of Defendants and has no legal obligation to you or your interests. You should not communicate via telephone with Defense counsel." (No. WDQ 05-2841, Paper 71, Ex. 1, at 3). The defense sought language stating that "[f]urther information may be obtained about this lawsuit by contacting" counsel for either party, indicating phone numbers for both and excluding the plaintiffs' proposed language about defense counsel's obligations to their clients. (Paper 74, Ex. 1 at 4). Judge Quarles issued an order approving his own version of the notice, which identified the name and address of defense counsel, but did not include a phone number. The notice in that case included the plaintiffs' proposed language regarding defense counsel's obligations, but excluded the final sentence proposed by the plaintiffs, advising that defense counsel should not be contacted.

In *Robinson, et al. v. Empire Equity Group, Inc., et al.*, the parties agreed that the notice should identify counsel for both parties, with phone numbers, and advise that either party could be contacted for more information, without any restriction. (No. WDQ 09-1603, Paper 41, Ex. A, B).

In *Bell, et al. v. Mayor & City Council of Baltimore*, Judge Legg approved a stipulated notice identifying defense counsel, but omitting a phone number, and advising putative plaintiffs to contact plaintiffs' counsel for more information. (No. BEL 07-3468, Paper 22).

Finally, in *Almendarez, et al. v. J.T.T. Enterprises Corp., et al.*, Judge Messitte approved a notice that identified both counsel, with phone numbers, and advised potential plaintiffs to contact plaintiffs' counsel with questions. (No. PJM 06-0068, Paper 60).

Under the circumstances presented here, the court will direct that the notice follow the pattern adopted by Judge Quarles in *Biddison*. Thus, the court will approve Plaintiffs' proposed notice (paper 14, ex. 4)[1], subject to the following modifications: (1) full contact information for Plaintiffs' counsel, including a phone number, will be added to Section VI(1); (2) Section VII will be titled "Defense Counsel," or the substantial equivalent, and will identify the name and address of defense counsel, but will not provide a phone number; (3) language cautioning that "defense counsel is obligated to represent the best interests of Defendants and have no legal

---

[1] Notably, both parties appear to have inadvertently omitted the name of Plaintiff Mainor Arevalo from the list of plaintiffs provided in Sections I and II of their respective proposed notices.

obligation to you or your interests" will be added to Section VII; and (4) Section VIII will be amended slightly (and the zip code for the court corrected), to read as follows:

> The information in this notice is only a summary of the litigation. You may review and copy the pleadings and all other court records of this lawsuit during regular business hours in the Office of the Clerk, United States District Court for the District of Maryland, Southern Division, 6500 Cherrywood Lane, Greenbelt, Maryland 20770. Do not call the court. The court has taken no position in this case regarding the merits of this lawsuit.
>
> Further information may be obtained from Plaintiffs' counsel.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Court