IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORNELIO AREVALO, et al.   :

   v.   :   Civil Action No. DKC 09-3199

D.J.'S UNDERGROUND, INC.,
et al.   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this collective action under the Fair Labor Standards Act ("FLSA") is Plaintiffs' motion to facilitate notice to putative class members by telephone contact, publication, and community outreach. (Paper 18). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

**I.  Background**

On December 2, 2009, Plaintiffs Cornelio Arevalo, Gabriel Arevalo, Vitalino Arevalo, Mainor Arevalo, and Julio Mendez commenced this action against Defendants D.J.'s Underground, Inc., John W. Tippett, Jr., and Debbie Tippett to recover unpaid wages under the FLSA and related state law provisions. (Paper

1).[1]  Concomitantly with their complaint, Plaintiffs filed a motion for conditional certification of a collective class and court approval of a proposed notice of opt-in rights to putative plaintiffs.  (Paper 2).

On June 29, 2010, the court issued an order conditionally certifying a collective class, approving a modified version of Plaintiffs' proposed notice to putative class members, and establishing the process pursuant to which notice was to be given.  (Paper 17).  The order provided, in relevant part, that Defendants would produce to Plaintiffs, within fourteen days, "a list containing the full name and last known address of all Putative D.J.'s Underground Collective Class members," and, within fourteen days thereafter, Plaintiffs would "mail a copy of the court-ordered notice of consent to become party plaintiff forms."  (*Id*. at ¶¶ 4, 5).

In accordance with that order, on July 13, Defendants sent to Plaintiffs' counsel an email with an attached list identifying "all Putative D.J.'s Underground Collective Class members."  (Paper 18, Ex. 1).  On July 27, Plaintiffs' counsel responded with an email stating, "[w]e have gone through the list . . . to verify the addresses before mailing the notice communication," and discovered that:

---

[1] Since the time Plaintiffs filed their complaint, fourteen additional plaintiffs have opted-in to the suit.

> 1. only 2 of the 108 names and addresses provided corresponded to an actual name and address.
>
> 2. 20 addresses may have a match with a last name only.
>
> 3. a search of the individuals by name and zip code [] resulted in potential matches as is identified in the attached spread sheet.

(Paper 18, Ex. 2). Plaintiffs requested that Defendants "provide [them] with more accurate addresses" and "last known telephone numbers for each of the potential opt-ins, so that [they could] attempt to locate them by phone," and advised that they would "seek to deliver a notice communication through publication and by informing Hispanic rights organizations to notify the community of this ongoing litigation." (*Id.*). On the same date, defense counsel replied to Plaintiffs' email, indicating that the list provided by Defendants "contains the full names and last known addresses of all putative collective class members"; that they were not obligated "to provide telephone numbers or to investigate the current addresses of the putative class members"; and that they objected to "any attempt by Plaintiffs to deliver notice other than through the means allowed by the Court's June 29, Order." (Paper 24, Ex. 1, at 1-2).

On August 6, 2010, Plaintiffs filed the instant motion seeking an order compelling Defendants to provide the last known

3

telephone numbers of the putative class members and permitting "[n]otice communication via telephone, publication in a Spanish language daily, and by correspondence to Hispanic community organizations." (Paper 18, at 4). Defendants have opposed this motion. (Paper 24).

## II. Analysis

Courts considering whether to compel the defendants in an FLSA collective action to allow plaintiffs' counsel to provide notice by phone have differed in their approaches. Many have permitted phone contact as a matter of course, requiring the defendants to provide telephone numbers along with the names and addresses of putative plaintiffs at the time of conditional certification. *See*, *e.g.*, *Thompson v. World Alliance Financial Corp.*, Civ. No. 08-4951, 2010 WL 3394188, at *8 (E.D.N.Y. Aug. 20, 2010) (citing cases); *see also Sala v. St. Petersburg Kennel Club, Inc.*, No. 09-cv-1304-T-17-TBM, 2010 WL 746703, at *3 (M.D.Fla. Mar. 2, 2010). Others have refused to permit phone contact, at least initially, citing the risk of "improper solicitation" by the plaintiffs' counsel, *Parks v. Eastwood Ins. Services, Inc.*, No. SA CV 02-507 GLT (MLGx), 2002 WL 34370244, at *5 (C.D.Cal. July 29, 2002), and the "needless intrusion into the privacy of these individuals and their families," *Stickle v.*

4

*SCI Western Market Support Center, L.P.*, No. 08-083-PHX-MHM, 2009 WL 3241790, at *7 (D.Ariz. Sept. 30, 2009).

Where, as here, the plaintiffs contend that the initial notice by mailing has failed to reach its target, courts have generally required a showing of "special need for disclosure of class members' telephone numbers to facilitate providing them with notice of the suit." *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, at *11 (D.D.C. 2010). One court considering whether to compel production of the social security numbers of putative plaintiffs saw its task as "balanc[ing] the benefits of additional notice . . . against the 'highly personal and confidential nature of social security numbers and the harm that can flow from disclosure.'" *Jackson v. Papa John's USA, Inc.*, No. 08-CV-2791, 2009 WL 1011105, at *3 (N.D.Ohio Apr. 15, 2009) (quoting *Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM-GLR, 2007 WL 445202 (D.Kan. Feb. 7, 2007).[2] The plaintiffs in *Jackson* provided, presumably by affidavit or declaration, information such as the number of notices that had been sent, the number that were returned as undeliverable, whether forwarding information was provided, and the number of putative

---

[2] Notably, in this case, the plaintiffs were initially provided with phone numbers of the collective class members, but argued that even this was insufficient to facilitate notice. Of the "169 individuals that did not have forwarding information," the court noted, "the Plaintiff was able to reach 8 additional members by phone." *Jackson*, 2009 WL 1011105, at *3.

plaintiffs contacted by other means. This enabled the court to assess the effectiveness of the initial mailing and gauge the need for permitting notice by alternative methods.

Here, Plaintiffs have failed to submit an affidavit or declaration establishing a need for providing notice by telephone contact. Instead, they appear to speculate, based on their research into the invalidity of the addresses provided by Defendants and the fact that only approximately ten percent of the putative class members have opted-in to date, that the notices have not been received. These arguments are insufficient to justify the risk inherent in permitting Plaintiffs to contact the putative class members by phone. Accordingly, the court will deny Plaintiffs' motion to compel Defendants to produce phone numbers for the putative plaintiffs.

Notice by publication and through Hispanic community organizations, however, does not present the same risk. Indeed, notice by these methods may be accomplished without direct contact between Plaintiffs' counsel and the collective class members and would not impede on any privacy interests that the putative plaintiffs might have. Moreover, given the common characteristics of the collective class members, notice by publication in a Spanish language daily newspaper and *via* Hispanic community organizations may prove to be more effective

6

than would contact by phone. Thus, the court will grant Plaintiffs' motion to provide notice by these methods.

The parties will be directed to confer in an effort to reach agreement as to (1) the identity of the Spanish language daily in which the notice will be published; (2) how long the publication will run; (3) the identity of the Hispanic community organizations that will be contacted; (4) the precise manner in which contact with these organizations will be made; and (5) the content of any written communication accompanying the notice. As this process will necessitate revision of the current notice, the parties will further be directed to work together to agree on the content of a revised notice, as well as a proposed order setting forth the procedure by which the alternative notice will be given and the revised deadlines for opting-in.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to facilitate notice to putative class members by telephone contact, publication, and community outreach will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge